UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                    CASE NO.

**KRISTY ELLEN BROWN**                                    05-01908-5-ATS

     **DEBTOR**

**ORDER DISAPPROVING REAFFIRMATION AGREEMENT**

The matter before the court is consideration of the reaffirmation agreement between the pro se chapter 7 debtor, Kristy Ellen Brown, and American Honda Finance Corporation.  A hearing was held in Raleigh, North Carolina on August 2, 2005.

The debtor contacted the clerk's office the day before the hearing to state that she would not be present for the hearing due to a family emergency and that she intended to file a motion to continue.  Ordinarily, the court would reschedule the hearing, but it appears from the face of the agreement that the agreement is not in the best interest of the debtor, and for that reason should not be approved.  Rather than requiring the debtor to attend a rescheduled hearing, the court will disapprove the reaffirmation agreement, but will reconsider the matter upon the debtor's request.  If the debtor wishes to continue to pursue reaffirmation, then upon the debtor's request, the court will schedule a further hearing to reconsider the proposed agreement.

In order to approve a reaffirmation agreement, the court must find that the agreement is "in the best interest of the debtor."  11

U.S.C. § 524(c)(6)(A)(ii).  In this case the agreement is not in the debtor's best interest because she was current in her payments when her petition was filed and is still current.  In this circuit a creditor may not repossess an automobile if the debtor is current in her payments.  In re Belanger, 962 F.2d 345 (4th Cir. 1992).  Therefore, a debtor who is current with her payments derives no benefit from the reaffirmation, and the reaffirmation is not in her best interest.

The debtor financed her 2004 Honda CR-V vehicle through a Closed-End Vehicle Lease Agreement dated June 11, 2004, and she is presently current in her payments to American Honda.  The court finds that the agreement is not in her best interest as that term is used in 11 U.S.C. § 524(c)(6)(A)(ii).

Accordingly, the reaffirmation agreement is **NOT APPROVED**.  If the debtor wishes to seek reconsideration of this order, she must file her motion to reconsider with the clerk's office within ten days of the date of entry of this order.

**SO ORDERED**.

**DATED:  August 4, 2005**

A. Thomas Small
United States Bankruptcy Judge

2